UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HELEN VIERBICKAS;

    Plaintiff,

                                Case No. 6:15-cv-1314-ORL-41-DAB

-v-

VERIZON COMMUNICATIONS INC.; VERIZON
FLORIDA LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

## COMPLAINT

Plaintiff, HELEN VIERBICKAS, hereby sues Defendants VERIZON COMMUNICATIONS INC.; VERIZON FLORIDA LLC; EXPERIAN INFORMATION SOLUTIONS, INC., and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 47 U.S.C. §227(a)3 & (a)5. and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, HELEN VIERBICKAS, is a natural person and is a resident of the State of Florida.

6. Defendant, VERIZON COMMUNICATIONS INC. ("Verizon"), is a Delaware corporation, authorized to do business in Florida.

7. Defendant, VERIZON FLORIDA LLC ("Verizon Florida"), is a Florida limited liability company, authorized to do business in Florida.

8. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is an Ohio corporation, authorized to do business in Florida.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

10. Verizon and Verizon Florida has been attempting to collect an alleged but nonexistent consumer debt from Plaintiff for more than 10 years.

11. Plaintiff has repeatedly notified Verizon and Verizon Florida that she has never had an account with them and has demanded that they cease harassing her.

12. Verizon and Verizon Florida have for many years misreported nonexistent consumer accounts to Experian.

13. Verizon and Verizon Florida have continued to misreport nonexistent consumer accounts of Plaintiff to Experian after reinvestigation.

14. Plaintiff sent dispute letters to Experian regarding inaccuracies on her credit report reported by Verizon and Verizon Florida on April 5, 2011 and April 16, 2015.

15. Experian did not respond in any way to the latter letter.

16. On June 11, 2015, Plaintiff called Experian to ask for the status of her April 16, 2015 dispute. Experian informed her that it had classified her letter as fraudulent and would not be reinvestigating or placing in dispute the Verizon accounts. Experian gave no reason for this classification. Experian promised to send a letter explaining its position. Plaintiff did not receive any letter from Experian.

17. Plaintiff contends that the illegal actions of the Defendants have harmed the Plaintiff, resulting in a reduction of her credit score, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS VERIZON, VERIZON FLORIDA, EXPERIAN

18. Paragraphs 1 through 17 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of §1681a(c).

20. Verizon and Verizon Florida are furnishers of information within the meaning of §1681s-2.

21. Experian is a consumer reporting agency as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

22. Experian violated the FCRA. Defendants' violations include, but are not limited to, the following:

a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

b) failing to provide all of the information on file, in violation of §1681(g);

c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);

f) failing to properly advise Plaintiff of his ability to make a consumer explanation;

g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;

i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

j) failing to properly reinvestigate Plaintiff's disputes; and by

k) concealing from or misrepresenting facts to Plaintiff regarding his report.

23. Verizon and Verizon Florida violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Verizon and Verizon Florida violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Verizon, Verizon Florida, and Experian for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS VERIZON AND VERIZON FLORIDA

24. Paragraphs 1 through 17 are realleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of §1692a(3).

26. Verizon and Verizon Florida are debt collectors within the meaning of §1692a(6).

27. Verizon and Verizon Florida violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Verizon and Verizon Florida violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.

   (b) Verizon and Verizon Florida violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

   (c) Verizon and Verizon Florida violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

   (d) Verizon and Verizon Florida violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) Verizon and Verizon Florida violated §1692e(11) by failing to warn that it was a debt collector.

(f) Verizon and Verizon Florida violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(g) Verizon and Verizon Florida violated §1692g by failure to send a validation notice within five days of the initial communication.

(h) Verizon and Verizon Florida violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Verizon and Verizon Florida for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS VERIZON AND VERIZON FLORIDA

28. Paragraphs 1 through 17 are realleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

30. Verizon and Verizon Florida are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

31. Verizon and Verizon Florida violated the FCCPA. Defendants' violations include, but are not limited to, the following:

(a) Verizon and Verizon Florida violated Fla. Stat. §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit

worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.

(b) Verizon and Verizon Florida violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(c) Verizon and Verizon Florida violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

(d) Verizon and Verizon Florida violated Fla. Stat. §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

WHEREFORE, Plaintiff demands judgment for damages against Verizon and Verizon Florida for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 6, 2015

Respectfully submitted,

Helen Vierbickas
850 Floral Drive
Orlando, FL 32803
407-405-0389