UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HELEN VIERBICKAS,**

    **Plaintiff,**

v.                                      Case No: 6:15-cv-1314-Orl-41DCI

**VERIZON COMMUNICATIONS INC.
and VERIZON FLORIDA LLC,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion for Sanctions ("First Motion for Sanctions," Doc. 32) and Motion for Sanctions ("Second Motion for Sanctions," Doc. 36). Plaintiff filed a Response (Doc. 40) to Defendants' First Motion for Sanctions, but she did not respond to the Second Motion. For the reasons set forth herein, Defendants' motions will be denied.

### I.    PROCEDURAL BACKGROUND

Plaintiff filed this case on August 6, 2015, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–.785, against Defendants related to efforts to collect debts allegedly owed by Plaintiff. (*See generally* Compl., Doc. 1). Defendants filed a Motion for Summary Judgment (Doc. 30), seeking summary judgment on each of Plaintiff's claims. On April 10, 2017, this Court granted summary judgment, (*see* Apr. 10, 2017 Order, Doc. 47), and retained jurisdiction to consider the pending motions for sanctions.

### II.    FIRST MOTION FOR SANCTIONS

In their First Motion for Sanctions, Defendants seek sanctions pursuant to Federal Rule of Civil Procedure 11. Defendants argue that Plaintiff lacked a reasonable factual or legal basis to pursue this litigation.

As relevant, Rule 11(b) provides that, by filing a motion or pleading, the filer certifies that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b)(2) and (b)(3) go to whether a claim is legally or factually frivolous. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2010). "[A] litigant's obligations with respect to the contents" of pleadings or motions "are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (quoting Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amendment).

In the Eleventh Circuit, a Rule 11 challenge as to frivolity requires a two-prong inquiry— "whether the legal claims or factual contentions are objectively frivolous, and, if so, whether a reasonably competent attorney should have known they were frivolous." *Thompson*, 610 F.3d at

665. Under the first step, "[a] factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis." *Id.* Under the second step, the question is "whether the attorney should have known they were frivolous" or, stated differently, whether "a reasonable investigation would have revealed the error to a reasonably competent attorney." *Id.* "Both inquiries measure attorney conduct under an objective reasonably competent attorney standard." *Id.* "Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable." *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989).

Plaintiff's conduct—particularly taking into account her *pro se* status—was not sufficiently objectionable to merit sanctions under Rule 11. Defendants complain that Plaintiff lacked a factual basis to pursue claims against Verizon Communications Inc. or an FDCPA claim against Verizon Florida LLC. Although Plaintiff did not formally withdraw those claims during the so-called "safe harbor" period, Plaintiff did express her willingness to drop those claims and ceased arguing that those claims had merit in her subsequent filings. (*See* Doc. 40 at 3–4; Resp. to Summ. J. Mot., Doc. 39, at 3–4). This is sufficient, in light of Plaintiff's *pro se* status, to satisfy the Court that sanctions are not warranted for that conduct.

Next, Defendants argue that Plaintiff should have known through reasonable investigation that her FCRA and FCCPA claims were time barred. While the Court ultimately determined that the FCRA claims Plaintiff had successfully pleaded against Defendants were outside the statute of limitations, Plaintiff's position with regard to those claims was not unreasonable. In response to both the First Motion for Sanctions and Defendants' Motion for Summary Judgment, Plaintiff made the legally supported argument that each dispute letter concerning an item on a credit report triggers a new statute of limitations period under the FCRA. *See Vasquez v. Bank of Am., N.A.*,

No. 15-cv-04072-RS, 2015 WL 7075628, at *3 (N.D. Cal. Nov. 23, 2015) (noting that "[f]ederal courts are split on the question of whether each separate notice of dispute triggers a duty to investigate even if the information has been disputed previously" and collecting cases); *Bruce v. Homeward Residential, Inc.*, No. 1:14-CV-3325-MHC-AJB, 2015 WL 5797846, at *10 n.3 (N.D. Ga. Aug. 31, 2015) (same). Therefore, had Plaintiff properly alleged a claim based on the April 2015 dispute letter, (*see* Doc. 47 at 5), there would have been at least arguable legal merit to the position that such claim was not barred by the statute of limitations.

Finally, Defendants argue that Plaintiff's FCCPA claims were also time-barred. However, Plaintiff's argument that each new report of the information to the credit reporting agencies renewed the statute of limitations is not bereft of logic. *See Pucci v. Bank of Am., N.A.*, No. 3:14-cv-1236-J-32MCR, 2015 WL 12843199, at *4 (M.D. Fla. Mar. 12, 2015) (noting that "courts have declined to hold that a plaintiff's claims under the . . . FCCPA were time-barred where the defendant was alleged to have committed several affirmative violations, some of which would be untimely based upon the time of filing" and collecting cases). Furthermore, as there is evidence that the report continued to remain on Plaintiff's credit report within two years of the filing of this litigation, Plaintiff's claims cannot be said to be wholly without factual basis as a reasonable person could have inferred that Defendants were continuing to report the information based on that evidence. With respect to the FCCPA claim, Plaintiff's investigation of the facts and law was neither so frivolous nor so devoid of a good faith effort that it is deserving of sanctions.[1] Therefore, Defendants' First Motion for Sanctions will be denied.

### III.  SECOND MOTION FOR SANCTIONS

---

[1] This Court held that Plaintiff's FCCPA claims were preempted by the FCRA. Defendant has not argued for sanctions on the basis that Plaintiff should have been aware that her claims were preempted.

In the Second Motion for Sanctions, Defendants argue—albeit very briefly—that they should be entitled to recover their costs and fees incurred as a result of Plaintiff's failure to attend the scheduled mediation, including the travel expenses of Defendants' attorney, pursuant to Federal Rule of Civil Procedure 16(f). Pursuant to Rule 16, the Court may sanction a party if the party "fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate—or does not participate in good faith—in the conference; or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). In addition to sanctions authorized elsewhere in the Rules, "the court must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In accordance with the Rule, an aggrieved party is entitled to recover the costs and fees *reasonably* expended as a result of the opposing party's noncompliance. However, according to Defendants' motion, Plaintiff informed Defendants a week before the mediation that she would not attend. (Doc. 36 at 4). Nevertheless, armed with this knowledge, Defendants proceeded to attend the mediation. (*Id.* at 5). Even if Plaintiff informed Defendants that she would not attend the mediation after the deadline to cancel without penalty had passed, it was certainly not reasonable for Defendants to proceed with the mediation. Any fee or cost incurred in excess of a cancellation fee is not reasonable. Furthermore, Defendants have presented this Court with no evidence that they were or would have been charged a cancelation fee or what that fee was or would have been. The burden is on Defendants to establish not only entitlement to an award but also the appropriate amount to be awarded. Defendants have not met their burden, therefore the Second Motion for Sanctions will be denied.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendants' First Motion for Sanctions (Doc. 32) and Second Motion for Sanctions (Doc. 36) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party